# IN THE OREGON TAX COURT

## BERNSTEIN BROS., INC.
*v.*
## DEPARTMENT OF REVENUE
(TC 1698)

John R. Faust, Jr., and Mildred J. Carmack of Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, represented plaintiff.

Theodore W. de Looze and Elizabeth S. Stockdale, Assistant Attorneys General, Department of Justice, Salem, represented defendants.

Decision for defendants rendered July 15, 1982.

## CARLISLE B. ROBERTS, Judge.

This matter came before the court on plaintiff's complaint for declaratory and injunctive relief pursuant to

ORS chapter 28. The court adopts the defendant Department of Revenue's Statement of Facts (filed in this court on January 29, 1982):

"Plaintiff is a licensed cigarette distributor in the State of Oregon. Under the provisions of ORS ch 323, plaintiff is liable for taxes due on the distribution of of [sic] cigarettes in this state.

"On August 2, 1981, the Oregon Legislative Assembly passed House Bill 3090. The bill was approved by the Governor on August 21, 1981 and filed in the office of the Secretary of State on August 24, 1981. Under the provisions of § 1, Art IV, Oregon Constitution, House Bill 3090 (ch 797, Oregon Laws 1981) was subject to referendum petition for 90 days after the end of the legislative session, until November 1, 1981. No petition to refer ch 797 was filed within the constitutional time limit. Chapter 797, Oregon Laws 1981, imposes additional taxes on the distribution of cigarettes in this state between December 1, 1981 and July 1, 1983.

"Section 9, ch 797, Oregon Laws 1981 provides:

" 'Section 9. *If this Act is referred* to the people under section 1, Article IV, Oregon Constitution, *and is approved* by a majority of the voters voting on the measure, *then section 2 of this Act is amended to read:*

" 'Section 2. (1) In addition to and not in lieu of the tax upon distributions of cigarettes imposed by ORS 323.030, every distributor shall pay a tax upon distribution of cigarettes that occur on or after the first day of the month following the effective date of this 1981 Act [, and prior to July 1, 1983,] at the rate of three and one-half mills for the distribution of each cigarette in this state.

" '(2) All moneys received by the department from the tax imposed by subsection (1) of this section shall be paid over to the State Treasurer to be held in a suspense account established under ORS 293.445. After the payment of refunds, the moneys shall be credited to the General Fund.' (Emphasis added.)

"Plaintiff has filed a complaint in this court, seeking a declaration that ch 797, Oregon Laws 1981 is invalid, and requesting an injunction against defendants, prohibiting them from collecting and disbursing additional cigarette tax revenues under the provisions of ch 797."

The Department of Revenue filed an answer and then a motion for summary judgment. Plaintiff, in turn, filed a

motion for summary judgment and oral argument was heard thereon, accompanied by an exchange of memoranda presented by counsel.

■ There is one hard fact presented in this suit which nobody will deny; i.e., no petition to refer chapter 797 was filed within the constitutional time limit. In consequence, the disputed section 9 of Enrolled House Bill 3090 became a nullity. On the basis of the arguments submitted, the court is not persuaded that the entire enactment should be declared void as an unconstitutional interference with the referendum process—a forcing of choices on the part of the electorate. In the view of the court the question presented is moot. ("A moot question is one that existed but because of the happening of certain events has ceased to exist and no longer presents an actual controversy over the interest or rights of the party; * * *." *Johnson v. Quern*, 90 Ill App3d 151, 155, 412 NE2d 1082, 1085 (1980).) The "certain event" in this instance, of course, was the acceptance by the voters of 1981 Or Laws, ch 797.

The court agrees with the parties that the Legislative Assembly has no power to interfere, directly or indirectly, with the referendum process as set out in the Oregon Constitution. Plaintiff has not proved that "interference" occurred through the enactment of House Bill 3090. Interested parties, through the referendum process, could have defeated section 9 of the measure, separately or along with section 2, if they had desired. They were not placed on the horns of a dilemma, unable to act, by the legislative measure.

The court, now being fully advised, finds that the defendant's motion for summary judgment should be approved and it is, therefore,

ORDERED that defendant's motion for summary judgment should be and hereby is approved on the ground that there is no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law; accordingly, plaintiff's complaint is dismissed with prejudice. It is further

ORDERED that each party shall bear its own costs.